Michael C. Geraghty, ABA #7811097
William G. Cason, ABA #2009083
Oles Morrison Rinker & Baker
188 W. Northern Lights Blvd.
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106
Fax: (907) 258-5519
Email: geraghty@oles.com
       cason@oles.com

*Attorneys for Haskell Davis JV*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HASKELL/DAVIS JOINT VENTURE, a joint venture consisting of Haskell Corporation, and Davis Constructors and Engineers, Inc., <br><br>  Plaintiff, <br><br> v. <br><br> TAKRAF USA, INC., a Delaware Corporation; NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire Corporation <br><br>  Defendants. | Case No. 3:20-cv-_____ |

# COMPLAINT

This case arises out of Haskell/Davis Joint Venture's ("**HDJV**") purchase of coal handling equipment from TAKRAF USA, Inc. ("**TAKRAF**"), for incorporation into the University of Alaska Fairbanks' ("**UAF**") Combined Heat and Power Plant Replacement

*Haskell Davis JV v. TAKRAF USA Inc., et al.* Case No. 3:20-cv-_____

Case 3:20-cv-00234-SLG   Document 1   Filed 09/24/20   Page 1 of 11

188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

Project. The equipment supplied by TAKRAF failed to meet the parties' agreed-upon specifications and performance requirements, and TAKRAF failed to correct these failures following notice of its breach. HDJV now brings this suit against TAKRAF and its performance bond surety to recover its damages.

## PARTIES

1. Plaintiff HDJV is an Alaskan joint venture, comprised of Haskell Corporation ("Haskell") and Davis Constructors and Engineers, Inc. ("Davis"). Haskell is a Washington corporation, which operates in Alaska, Washington, and California. Davis is an Alaskan corporation. At all times relevant hereto, Haskell and Davis have each been duly licensed as contractors in the State of Alaska and have paid all taxes and performed all acts necessary to maintain this action.

2. Defendant TAKRAF on information and belief, is a Delaware Corporation, which manufactures and sells mining and bulk-materials handling equipment.

3. Defendant North American Specialty Insurance Company ("NAS"), on information and belief, is a New Hampshire insurance corporation. NAS is the surety for TAKRAF's Performance and Payment Bond on the Project.

## JURISDICTION & VENUE

4. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiff HDJV and each Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. HDJV is

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106  Fax: (907) 258-5519

an Alaskan joint venture, with its principal place of business in Anchorage, Alaska. On information and belief, TAKRAF is a citizen of Delaware, and North American Specialty Insurance Company is a citizen of New Hampshire.

5. Venue is proper before this Court as the equipment in dispute was sold and delivered to Plaintiff within the District of Alaska.

## RELEVANT FACTS

6. In 2015, UAF undertook a project (the "Project") to replace the aging "Ben Atkinson" coal-fired Heat and Power Plant located on its campus, which had been in operation since the mid-1960's. UAF made the decision to replace the existing plant with a cutting-edge combined heat and power plant, to be fueled with a combination of coal and biomass.

7. HDJV was contracted as UAF's Construction Manager at Risk for the Project, and provided funding estimates, constructability review, procurement, and scheduling, in addition to self-performing a significant amount the work and managing subcontractors.

8. As a component of its work on the Project, HDJV was tasked with supplying the plant's solid-fuel Material Handling System. The Material Handling System would receive deliveries of coal via truck or railcar and would transport the coal to fuel storage silos by way of belt conveyors or bucket elevators. Technical Specifications for the

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

Material Handling System were incorporated into the Contract's Project Manual (Contract No. 3405).

9. On or about October 14, 2015, HDJV entered into a nearly $4 million Purchase Order with FMC Technologies, Inc. (later acquired by TAKRAF) to design, manufacture, and deliver the Material Handling System to the Project. Delivery of the Material Handling System was to be completed by December 31, 2016.

10. The Purchase Order incorporated the Technical Specifications of Contract No. 3405. It further guaranteed that the equipment supplied would "meet or exceed" the contract's performance criteria and included an extended warranty for all materials and workmanship that FMC provided.

11. Between December 2015 and October 2016, the Purchase Order was modified by seven (7) change orders, none of which materially altered the scope of FMC's work.

12. On or about December 30, 2016, FMC's obligations under the Purchase Order were assigned to and assumed by TAKRAF. Following this Assignment and Assumption, NAS executed a $4,035,961.00 Payment and Performance Bond (Bond No. 2251315) covering TAKRAF's performance under the Purchase Order. TAKRAF and HDJV executed two additional change orders under the Purchase Order, in February 2017 and April 2017 respectively.

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

13. After installation and testing of the Material Handling Equipment supplied by TAKRAF, it became clear that the Material Handling System did not meet the Specifications agreed to in the Purchase Order. Among other things, the Material Handling System was unable to meet minimum throughput requirements, had undersized and failing parts, and allowed excessive and dangerous amounts of coal dust and coal to spill and/or escape the system – posing a severe health and safety hazard for those involved in its operation.

14. HDJV first discovered and advised TAKRAF of these performance problems in October 2018. On or about June 27, 2019, HDJV delivered a formal notice of breach to TAKRAF, outlining in detail the defects in its supplied equipment. Through mid-2020, TAKRAF made limited efforts to resolve the defects in its supplied equipment.

15. On or about April 3, 2020 HDJV delivered a back-charge notice to TAKRAF, advising TAKRAF of the $667,824 in extra costs that HDJV had incurred to date, as a result of TAKRAF's Breach. On the same day, HDJV delivered a notice of TAKRAF's breach to its surety, NAS.

16. In response to HDJV's April back-charge notice, TAKRAF promptly denied any breach of contract, and refused to take responsibility for its failure to supply functional equipment in compliance with the Project specifications. Despite numerous good faith attempts, HDJV's subsequent efforts to resolve issues related to TAKRAF's breach proved unsuccessful.

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

17. In May of 2020, HDJV and NAS entered into a 6-month tolling agreement, which tolled and stayed any limitation period for actions based upon the Performance Bond from May 1, 2020 to November 2, 2020.

18. Because of the defects in TAKRAF's equipment, UAF has refused to accept or operate the Material Handling System. As a result, from October 2019 to the filing of this suit, HDJV had been forced to operate and clean the Material Handling System itself – on an ongoing and continuous basis – at a cost exceeding $40,000 per month. HDJV's costs to date from this cleaning and operation exceed $600,000 and are estimated to total $771,134 by December 2020.

19. In addition to the costs of cleaning and operating the Material Handling System, HDJV continues to be responsible to UAF for the defective equipment and anticipates direct future liability to UAF in excess of $600,000.

20. HDJV now brings this suit against TAKRAF and its surety NAS, to recover its damages arising out of TAKRAF's breach, and for judgment allowing such damages to be recovered from the performance and payment bond.

21. The Purchase Order between HDJV and TAKRAF allows the prevailing party in any legal proceeding under the Purchase Order, including against a surety, to recover its costs, reasonable expert fees and reasonable attorneys' fees, in addition to other relief granted.

## FIRST CAUSE OF ACTON: BREACH OF CONTRACT/BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

22. HDJV realleges and incorporates the allegations contained in paragraphs 1 through 21 as though fully set forth herein.

23. The Purchase Order between HDJV and TAKRAF constituted a valid and enforceable contract.

24. The Purchase Order between HDJV and TAKRAF incorporated a clause guaranteeing that "seller's equipment shall meet or exceed the performance criteria" specified in the Materials Handling System contract between HDJV and UAF.

25. TAKRAF breached its contract with HDJV by failing to supply functional equipment for the Material Handling System that met the Project specifications.

26. TAKRAF's denial of responsibility and breach of contract also constitutes a breach of the covenant of good faith and fair dealing implied in every contract.

27. As a result of TAKRAF's non-performance and breach, HDJV has suffered and continues to suffer damages, including, but not limited to, costs to clean and operate the defective equipment.

28. TAKRAF's breach of contract and non-performance have caused damage to HDJV in an amount to be proven at trial, but not less than $1,371,134 for which TAKRAF is liable to HDJV.

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

## SECOND CAUSE OF ACTION: BREACH OF EXPRESS WARRANTIES IN THE CONTRACT

29. HDJV realleges and incorporates the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30. The Purchase Order between HDJV and TAKRAF incorporated an express warranty, that all material and workmanship TAKRAF provided would conform to the applicable requirements specified in the Purchase Order, and satisfactorily fulfill the operating conditions specified therein, free of any defect that might become apparent during a limited period and under normal use.

31. The Purchase Order between HDJV and TAKRAF further incorporated a clause guaranteeing that "seller's equipment shall meet or exceed the performance criteria" specified in the Materials Handling System contract between HDJV and UAF.

32. The equipment supplied by TAKRAF never fulfilled the operating conditions or performance criteria specified in the Purchase Order.

33. By its failure to perform and its non-performance of its obligations under the Purchase Order, TAKRAF has breached express warranties in the parties' contract.

34. TAKRAF's breach of warranties in the parties' contract have caused damage to HDJV in an amount to be proven at trial but not less than the jurisdictional amount of $75,000, for which TAKRAF is liable to HDJV.

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

## THIRD CAUSE OF ACTION: BREACH OF WARRANTIES UNDER THE UNIFORM COMMERCIAL CODE

35. HDJV realleges and incorporates the allegations contained in paragraphs 1 through 34 as though fully set forth herein.

36. TAKRAF is a merchant providing bulk materials handling equipment for industrial and commercial applications.

37. The Purchase Order between HDJV and TAKRAF was a contract for the sale of goods and is thus subject to the provisions of the Uniform Commercial Code.

38. TAKRAF knew of the purpose for which the Material Handling System was to be used and knew that HDJV was relying on its skill or judgment to furnish suitable goods for that purpose. TAKRAF therefore impliedly warranted to HDJV that the Material Handling System, and its component parts, would be fit for HDJV's intended purpose.

39. The Material Handling System, and its component parts, were unfit for their intended purpose.

40. By its failure to perform and its non-performance of its obligations under the parties' contract, TAKRAF has breached the UCC's implied warranty of fitness for a particular purpose.

41. TAKRAF's breach of warranties in the parties' contract have caused damage to HDJV in an amount to be proven at trial but not less than the jurisdictional amount of $75,000, for which TAKRAF is liable to HDJV.

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

## FOURTH CAUSE OF ACTION: CLAIM AGAINST THE BOND

42. HDJV realleges and incorporates the allegations contained in paragraphs 1 through 41 as though fully set forth herein.

43. TAKRAF's performance under the Purchase Order is secured by a performance and payment bond, which bond was issued by NAS on or about December 19, 2016.

44. On or about April 3, 2020 HDJV delivered a notice to NAS that TAKRAF had breached its contract with HDJV, and that TAKRAF's breach was covered by NAS' bond. NAS and HDJV and subsequently entered into a tolling agreement, preserving HDJV's claims against the bond.

45. HDJV is entitled to recover against TAKRAF's payment and performance bond for its damages in an amount to be determined at trial, up to the principal amount of $4,035,961.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HDJV respectfully requests this Court to enter the following relief:

1. For judgment against Defendant TAKRAF USA, Inc. for all damages caused by its breach of contract and warranty;

2. For an Order declaring the judgment recoverable by HDJV against the performance and payment bond issued by North American Specialty Insurance Company;

3. For fees and costs in bringing this suit to the full extent permitted by the parties' contract and by law;

4. For leave of Court to amend this pleading according to proof; and

5. For such additional relief as this court deems appropriate.

OLES MORRISON RINKER & BAKER LLP
Attorneys for Plaintiff

Dated: 9/22/2020        By: _____
Michael C. Geraghty, ABA #7811097
William G. Cason, ABA #2009083

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**COMPLAINT** - Page 11 of 11
*Haskell Davis JV v. TAKRAF USA Inc., et al.* Case No. 3:20-cv-_____

Case 3:20-cv-00234-SLG   Document 1   Filed 09/24/20   Page 11 of 11