# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HASKELL/DAVIS JOINT VENTURE,<br><br>                         Plaintiff,<br>  v.<br><br>TAKRAF USA, INC., and NORTH AMERICAN SPECIALTY INSURANCE COMPANY,<br><br>                         Defendants. | Case No. 4:20-cv-234-SLG |

## ORDER ON DEFENDANTS' MOTION FOR FEES AND COSTS

Before the Court at Docket 67 is Defendants' *Motion for Fees and Costs*. The motion is opposed.[1] Oral argument was not requested and is not deemed necessary. For the reasons described herein, the motion is granted in part and denied in part.

## BACKGROUND

In its orders at Dockets 55 and 64, the Court imposed Rule 37 discovery sanctions on Plaintiff Haskell/Davis Joint Venture ("HDJV") for several improper Rule 26 disclosures relating to HDJV's expert witness Dave Ganz.[2] Relevant here, the Court: (1) ordered HDJV to "pay Defendants' reasonable attorney's fees and costs incurred in filing their *Motion to Exclude Supplemental Expert Disclosures of*

---

[1] Docket 68 (Opposition).

[2] *See also* Docket 59 (Minute entry for hearing on appropriate sanctions).

*Dave L. Ganz* at Docket 37 and the associated reply"; and (2) allowed Defendants to conduct a further 2-hour deposition of Mr. Ganz, with HDJV being responsible for "all reasonable fees and costs incurred by Defendants associated with this deposition, not to exceed a total of three hours of Defendants' attorney time and three hours of Defendants' expert's time (including the time spent at the deposition)."[3]

Defendants now seek a total of $26,854.50 in attorney's fees and $1,509.10 in costs.[4] According to the declaration of Defendants' counsel and supporting exhibits, Defendants' fees comprise $25,429.50 for 80.45 hours of attorney and paralegal time spent drafting their motion to exclude and its associated reply, plus $1,425.00 for their three hours of deposition time.[5] Defendants' counsel's declaration lists the following individual totals:

- R. Page (attorney): 27.1 hours at $475 per hour;
- J. Peck (attorney): 3.4 hours at $375 per hour;
- H. Tilley (attorney): 41.95 hours at $260 per hour; and
- R. Culhane (paralegal): 8 hours at $225 per hour.[6]

---

[3] Docket 64 at 2.

[4] Docket 67 at 4.

[5] Docket 67 at 4; Docket 67-1 at ¶¶ 5, 11, 12–13 (Decl. of Reid Page); *see also* Docket 67-2 (Third Party Invoices); Docket 67-3 (Redacted Billable Hour Invoice).

[6] Docket 67-1 at 9, ¶ 13. Defendants' declaration does not distinguish between hours spent on

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 2 of 12

Defendants' costs represent expenses incurred in connection with Mr. Ganz's second deposition.[7]

## LEGAL STANDARDS

Under Rule 37(c) of the Federal Rules of Civil Procedure, if a party fails to comply with Rule 26's disclosure requirements, a district court may, on motion and after giving an opportunity to be heard, impose sanctions on the offending party.[8] These sanctions may include, among other things, an "order [of] payment of the reasonable expenses, including attorney's fees, caused by the failure."[9]

To determine the appropriate amount for an award of attorney's fees, district courts in the Ninth Circuit use the "lodestar method," which involves "multiplying the number of hours the prevailing party reasonably expended on the [matter] by a reasonable hourly rate."[10] "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are

---

the motion to exclude and hours spent on the deposition. *See id.*

[7] Docket 67-1 at ¶ 8.

[8] Fed. R. Civ. P. 37(c)(1).

[9] Fed. R. Civ. P. 37(c)(1)(A).

[10] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curiam)). The Ninth Circuit's published decisions on this point have involved fee awards issued pursuant to specific statutes, not Rule 37 sanctions, but district courts often apply their holdings to Rule 37 fee awards, too. *See, e.g.*, *Netlist Inc. v. Samsung Elec. Co.*, 341 F.R.D. 650, 674–75 (C.D. Cal. 2022).

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 3 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 3 of 12

excessive, redundant, or otherwise unnecessary.'"[11] Courts need not embark on a line-by-line evaluation of a party's legal invoices; instead, they have authority to make an across-the-board percentage cut in the hours claimed to "trim[] the fat."[12] But in doing so, a district court must provide a "concise but clear explanation" of its reasons for the fee award."[13]

After a district court calculates the lodestar figure, it then assesses "whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation."[14] Because the lodestar method is "strong[ly] presum[ed]" to be reasonable, further adjustments "are proper only in certain 'rare' and 'exceptional' cases."[15]

---

[11] *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

[12] *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (citations omitted).

[13] *Hensley*, 461 U.S. at 437; *accord Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (citation omitted); *Gates*, 987 F.2d at 1402.

[14] *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996), *amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). The *Kerr* factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.* at 363 n.8 (quoting *Kerr v. Screen Actors Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

[15] *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65 (1986) (quoting *Blum v. Stenson*, 465 U.S. 886, 899 (1984)); *see also Morales*, 96 F.3d at 564 n.8

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 4 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 4 of 12

**DISCUSSION**

Defendants assert that their request is a reasonable lodestar calculation, supporting it with exhibits and a sworn declaration from their counsel that their time accounting is accurate and that their hourly rates and fees are consistent with those charged by lawyers of similar expertise and skill in their geographical area.

HDJV objects in part to Defendants' requested award. HDJV does not object to the hourly rates Defendants used in their lodestar calculation.[16] Nor does it object to Defendants' calculation of their fees and costs related to the second Ganz deposition. HDJV only objects that: (1) Defendants "were only partially successful" on their motion to exclude; (2) the number of hours Defendants spent on preparing their motion to exclude and associated reply are both excessive and redundant; and (3) Defendants included hours spent preparing for the sanctions hearing, which was outside the scope of the Court's order. HDJV requests the Court reduce

---

("Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." (quoting *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994))).

[16] Defendants' declaration states that its rates are consistent with prevailing rates in Denver, not Anchorage. *See* Docket 67-1 at 4, ¶ 16. In lodestar calculations, however, the reasonableness of hourly rates is usually determined according to the locality of the court, not the locality of the party or its counsel. *See, e.g.*, *Camacho*, 523 F.3d at 979 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). But because HDJV did not challenge the reasonableness of Defendants' hourly rates, the Court will not reject them on that basis.

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 5 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 5 of 12

by 50 percent the amount of fees Defendants seek in connection with their motion to exclude.[17]

### A. Whether Defendants Were "Only Partially Successful" in Bringing Their Motion

HDJV asserts that Defendants' requested fee award should be reduced because Defendants "were only partially successful" on their motion to exclude.[18] However, the Court awarded Defendants full reasonable fees and costs for their motion on the theory that it would have been difficult to parse out Defendants' logged hours on a report-by-report and argument-by-argument basis.[19] HDJV's assertion that Defendants' fee award should be reduced for this reason is essentially an untimely motion to reconsider that ruling and is therefore rejected.

### B. Whether Defendants' Number of Hours Are Excessive and/or Redundant

The Court agrees that the number of hours Defendants have included in their lodestar calculation regarding their motion to exclude and the associated reply memorandum are somewhat excessive. According to Defendants' billing invoice, their attorneys spent 36.15 hours preparing and drafting their motion to exclude,

---

[17] Docket 68 at 4–7.

[18] Docket 68 at 4.

[19] *See also* Docket 55 at 20 ("HDJV would be required to pay Defendants' reasonable attorney's fees and costs incurred in filing the motion to exclude the improper disclosures.")

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 6 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 6 of 12

plus 4.9 hours of a paralegal's time.[20] Defendants' counsel avers that such a number of hours was necessary because "the attorneys were required to analyze several lengthy expert reports from HDJV's expert in an effort to determine which opinions were objectionable."[21] Given that the expert reports in question were only 55 pages,[22] 53 pages,[23] 3 pages,[24] and 1 page long,[25] respectively, the Court finds this figure slightly excessive.

Furthermore, the number of hours Defendants spent on their reply memorandum appears to be clearly excessive. According to the invoice provided, Defendants spent 32.6 hours of attorney time and 3.1 hours of a paralegal's time preparing and drafting their reply. But HDJV's opposition memorandum was only 15 pages long and contained only six pages of legal arguments,[26] and Defendants' reply was only 12 pages long and contained only eight pages of legal arguments.[27] Moreover, none of the legal issues involved were technical or complex.

---

[20] See Docket 67-3 at 2–7.

[21] Docket 67-1, ¶ 5.

[22] See Docket 37-7.

[23] See Docket 37-10

[24] See Docket 37-11.

[25] See Docket 37-12.

[26] See Docket 40 at 14–19.

[27] See Docket 49 at 3–11.

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 7 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 7 of 12

Considering these factors, the Court concludes that Defendants' number of hours spent working on their reply is excessive.

However, the Court disagrees that the hours Defendants included in the lodestar calculation are duplicative or redundant. In one instance, HDJV objects that an associate billed hours for "draft[ing]" the motion to exclude, then a partner billed hours to "draft and revise" the motion. But this appears to be an instance where a partner both edited the associate's draft and added additional content of his or her own.[28] Similarly, Defendants' hours billed for drafting, revising, and corresponding about the motion to exclude do not appear to represent duplicative activity.[29] Therefore, the Court does not find Defendants' hours billed to be redundant or duplicative.

### C. Whether Defendants Improperly Included Hours Spent Preparing for the Sanctions Hearing

HDJV asserts that Defendants are improperly "requesting that the Court grant fees for time reviewing the Court's Order and for time spent preparing for the hearing before the Court."[30] The Court agrees. Defendants' billing invoice contains six entries after Defendants' filing of their reply on June 24.:[31]

---

[28] *See* Docket 67-3 at 4–5.

[29] *See* Docket 67-3 at 11–12.

[30] Docket 68 at 6.

[31] Docket 67-3 at 17, 20–21.

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 8 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 8 of 12



Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 9 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 9 of 12

Mr. Michael Ferrigno
TAKRAF, USA, Inc.
Suite 1150
4643 S. Ulster Street
Denver, CO 80237

Invoice No. 3110305
961902-3

Re: Haskell Davis Joint Venture Dispute

For Professional Legal Services Rendered

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 08/01/22 | R. Page | 1.70 | 807.50 | Prepare for sanctions hearing; review and analyze chart of expert issues; telephone conference with opposing counsel regarding sanctions hearing; telephone conference with Michael Ferrigno regarding ▮ |
| 08/02/22 | R. Page | 1.60 | 760.00 | Review demonstrative table in preparation for sanctions hearing; meeting with Heather Tilley regarding sanctions hearing |
| 08/02/22 | H. Tilley | 2.50 | N/C | Review Order regarding supplemental expert disclosures; review supplemental expert disclosures and motion to exclude; revise outline of expert testimony to be excluded; prepare and forward correspondence to Mr. Page regarding same |

KUTAK ROCK LLP
TAKRAF, USA, Inc.
September 21, 2022
Client Matter No. 961902-3
Invoice No. 3110305
Page 2

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 08/03/22 | R. Page | 4.20 | 1,995.00 | Prepare for sanctions hearing; telephone conferences with Kim Colbo in advance of sanctions hearing; attend sanctions hearing; ▮ draft and revise clarification of position and motion for extension; ▮ |

By the Court's calculation, these six entries total $4,800 in fees.

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 10 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 10 of 12

The Court's sanctions order directed HDJV to pay Defendants' "reasonable attorney's fees and costs incurred in filing their *Motion to Exclude* . . . and the associated reply."[32] The order did not extend to "review[ing] and analyz[ing] the court's order," "prepar[ing] for [the] sanctions hearing," or "draft[ing] and revis[ing a] clarification of position and motion for extension." Defendants' inclusion of these hours in their request therefore exceeds the scope of the Court's order and will not be awarded.

*D. Summary*

In sum, the Court finds that Defendants' number of hours spent working on their motion to exclude and the associated reply memorandum are excessive, although they are not duplicative or redundant. The Court also finds that Defendants improperly included hours spent on matters outside the scope of the Court's sanctions order. In light of these findings, the Court will deduct the improperly included hours and apply a 20 percent reduction to the final lodestar figure. The Court finds that none of the additional *Kerr* factors warrants any further adjustment to this lodestar calculation.

**CONCLUSION**

For the foregoing reasons, from Defendants' total request of $25,429.50, the Court first subtracts $4,800, resulting in a revised total of $20,629.50, to which the

---

[32] Docket 64 at 2.

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 11 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 11 of 12

Court applies a 20% reduction, resulting in an attorney fee award of $16,503.90 for the motion and reply. Defendants' other requested fees and costs—$1,425.00 in attorney's fees for deposition time and $1,509.10 in deposition costs—were not opposed and are granted as reasonable. Adding these fees and costs together totals $19,437.70.

Accordingly, Defendants' motion is GRANTED IN PART AND DENIED IN PART. The Court awards Defendants Rule 37(c)(1) monetary sanctions against HDJV in the total amount of $19,437.70. This award shall be included as a debit or credit in the final judgment to be entered at the conclusion of this litigation.

IT IS SO ORDERED.

DATED this 5th day of December 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:20-cv-00234-SLG, *Haskell/Davis J.V. v. TAKRAF USA, Inc., et al.*
Order Re: Defendants' Motion for Fees and Costs
Page 12 of 12

Case 3:20-cv-00234-SLG   Document 70   Filed 12/05/22   Page 12 of 12